## CIRCUIT COURT OF THE CITY OF RICHMOND

Henderson Squire

v.

LaVerna S. Johnson

December 5, 1994

Case No. LX-1045-4

BY JUDGE MELVIN R. HUGHES, JR.

This matter has been under advisement after the trial. The evidence revealed that the plaintiff suggested to defendant that she use an auction to dispose of certain items in her deceased father's estate. Plaintiff has had extensive experience with auctions and is one who is knowledgeable about things of value. He recommended a certain auctioneer with whom he had a long standing history of previous dealings as a bidder in many auctions before, and this auctioneer and the defendant entered into a written contract listing the items for an auction. The listing did not include a certain shoe repair store wood and leather bench with enclosed stalls, which is the main subject of this detinue action. When the auction got underway and the bidding was proceeding, the bench, though not listed among the items to be sold, was put up for bid by the auctioneer with the defendant's acquiescence. Plaintiff then made the top bid for this and several other items. When the bidding was completed, defendant eventually refused to turn over the bench seat, and plaintiff brought an action in detinue.

Based upon the foregoing facts, this Court finds a gratuitous agency existed between plaintiff and defendant. Agency is the fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. Restatement (Second) of Agency, § 1 (1958). One who volunteers services without an agreement for or expectation of reward may be such a fiduciary. Restatement (Second) of Agency

§ 225 (1958). Here, solely for defendant's benefit and with her consent, plaintiff advised her to hold an auction and volunteered his services in associating her with an auctioneer. Plaintiff's voluntary acts for the benefit and on behalf of the plaintiff rise to the level of creating a gratuitous agency.

A gratuitous agency is subject to the same duties to his principal as nongratuitous agents, including the duties of loyalty and full disclosure when acting adversely to the principal's interests. Plaintiff's actions under the circumstances imply a breach of the duties of loyalty and full disclosure, thus creating a presumption of fraud. The court bases the presumption on the following facts: first, plaintiff possesses expertise that the defendant does not with auctions and the appraisal of items; second, plaintiff and the auctioneer he associated with have a history of previous dealings; third, despite the fact the bench at issue was not listed to be auctioned, the auctioneer nonetheless presented it for bidding at far below its actual value; fourth, plaintiff was aware of the items defendant wanted to sell and may have assisted her in listing items for the auction; and fifth, plaintiff was present bidding and entered the highest bids on several items, knowing the bench did not receive a fair appraisal and was put to sale for inadequate consideration.

Taken as a whole, these facts have consequence because plaintiff had been defendant's agent in setting up the auction only to participate in it and ultimately benefit at his principal's expense. Under these circumstances, plaintiff's actions are presumptively fraudulent unless done with the full knowledge, approval, and consent of his principal, the defendant. There is no evidence of full disclosure by the plaintiff or consent by the defendant, therefore the burden of overcoming the presumption of constructive fraud by clear and satisfactory evidence has not been met. *See Creasy v. Henderson*, 210 Va. 744, 173 S.E.2d 823 (1970).

Accordingly, the court finds for the defendant.